UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIGHT FALODUN,

                          Petitioner,

    -vs-

MR. JEFF SESSION, Attorney General of the United States; WALTER M. INGRAM, Office of Enforcement and Removal Operations, Post Order Custody Review Unit Chief, Washington DC Field Office; MR. THOMAS E. FEELEY, Deputy Field Office Director Office of Enforcement and Removal Operations Buffalo Field Office; SEAN CALLAGHER, Designated Field Office Director, ERO Buffalo Federal Detention Facility; MR. TODD TRYON, Assistant Field Office Director, Buffalo Federal Detention Facility; MR. SHCRADER, Supervisory Detention and Deportation Officer, Buffalo Federal Detention Facility; OFFICER J. KLAYBOR, Deportation Officer Buffalo Federal Detention Facility,

                          Respondents.

**No. 6:18-cv-06133-MAT**
**ORDER**

Proceeding *pro se*, Bright Falodun ("Falodun" or "Petitioner") commenced this habeas proceeding on February 12, 2018, pursuant to 28 U.S.C. § 2241 ("§ 2241") against the respondents (hereinafter, "the Government")[1] challenging his continued detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Attorney General William P. Barr is automatically substituted for the defendant named as Jeff Session, Attorney General of the United States.

Falodun's Petition asserts three grounds for habeas relief. First, he claims that his prolonged detention contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Petition ("Pet.") ¶¶ 22-23 (Count One). Second, he argues that his continued detention violates his right to substantive due process under the Fifth Amendment, as interpreted by the Supreme Court in *Zadvydas*, because he is not significantly likely to be removed in the reasonably foreseeable future. *See* Pet. ¶¶ 24-27 (Count Two). Third, he argues that in light of his prolonged detention, the denial of a timely and meaningful opportunity to demonstrate that he should not be detained violates his right to procedural due process under the Fifth Amendment. *See* Pet. ¶¶ 28-29 (Count Three). As relief, Falodun seeks "immediate release . . . from custody"; "preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;" and an "[a]ward . . . [of] attorney's fee[s] and costs under the Equal Access to Justice Act," 5 U.S.C. § 504 and 28 U.S.C. § 2412. *See* Pet. at 6.

In order to resolve Falodun's Petition, the Court first must determine the statutory basis for his detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) (to determine whether detention of an alien is authorized, threshold question is where to "locate [him] . . . within the complex statutory framework of detention authority provided by Sections 236 and 241 of the

Immigration and Nationality Act, codified at 8 U.S.C. §§ 1226 and 1231").

As noted above, Falodun consistently maintains that his detention arises under § 1231(a). In the "Introduction" section of its brief, the Government Asserts that Falodun is lawfully detained pursuant to § 1231(a). Government's Brief (Docket No. 5) at 2. However, in the "Discussion" section of its brief, the Government asserts that Falodun's "detention is mandated under . . . § 1226(c)," *id.* at 11, and that his detention under § 1226(c) is justified because he is prolonging the resolution of his case by appealing his removal order and filing a petition for review. But, the Government also argues in Point II of its brief that Falodun has been afforded the due process to which he is entitled, citing the regulations at 8 C.F.R. § 241.4, which were enacted in response to *Zadvydas* and which are applicable to aliens detained under § 1231(a)—not § 1226(c). Thus, the Government's position as to which section authorizes Falodun's detention is unclear.

The Government accordingly is directed to provide further briefing to clarify under which section of the INA Falodun is currently detained. In addition, the Government is directed to provide an update as to whether Falodun has received any custody reviews subsequent to the November 2017 review conducted by Headquarters Removal and International Operations. If so, the Government is directed to provide copy of the custody decisions

generated as a result of the reviews. Falodun will be given an opportunity to respond to the Government's submissions.

The briefing requested from the Government is due twenty (20) days from the date of this Order. Falodun's response, should he choose to file one, is due twenty (20) days from his receipt of the Government's briefing.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 8, 2019
         Rochester, New York.